STEERE TANK LINES, INC., Petitioner,

v.

INTERSTATE COMMERCE COMMIS-
SION and United States of
America, Respondents.

No. 81–4183.

United States Court of Appeals,
Fifth Circuit.

Feb. 12, 1982.

Hugh T. Matthews, Dallas, Tex., for peti-
tioner.

Laurence H. Schecker, I.C.C., Robert J.
Wiggers, Robert B. Nicholson, John J. Pow-
ers, III, Kenneth P. Kolson, Antitrust Div.,
Dept. of Justice, Washington, D.C., for re-
spondents.

Before CLARK, Chief Judge, REAVLEY
and RANDALL, Circuit Judges.

BY THE COURT:

American Freight System, Inc. (AFS)
filed an application with the ICC seeking
the removal of certain restrictions from
three of its certificates of convenience and
necessity. Among the restrictions on each
certificate was one prohibiting AFS from
transporting "commodities in bulk." Steere
Tank Lines, Inc. filed a protest, claiming
inter alia that AFS was not "fit, willing,
and able" to transport "commodities in
bulk," and that ICC regulations promulgat-
ed to implement the Motor Carrier Act of
1980 had improperly relieved AFS of show-
ing that it was "fit, willing, and able" to
provide bulk service. The ICC nevertheless
granted AFS's application. Steere brought
this petition for review.

Less than two weeks after Steere filed
this petition, the ICC granted an application
by AFS for an entirely new certificate on
the condition that AFS cancel all of its
outstanding certificates, including the three
at issue in this case. The new certificate
grants AFS broad authority to transport
"general commodities ... between points

491

in the United States," and thus obviates any need for AFS to hold numerous certificates authorizing service in different areas.

The ICC and the United States move for dismissal, arguing that this petition is now moot. Even if we agree with Steere's argument that the restrictions were improperly removed, the new certificate will still give AFS authority to transport bulk commodities in the areas covered by the cancelled certificates. A decision in this case simply "cannot affect the rights of [the] litigants in the case before [us]." *North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971).

Steere's primary response to the ICC's argument is that the agency's action in the proceeding below is clearly contrary to our recent decision in *American Trucking Ass'ns, Inc. v. ICC*, 659 F.2d 452, 465 (5th Cir. 1981), in which we invalidated the agency's rules authorizing the removal of restrictions on bulk service without a showing that the applicant is "fit, willing, and able" to provide bulk service. Even if this is so, it is not a reason for us to issue an advisory opinion. Moreover, AFS was determined to be "fit, willing, and able" to provide bulk service in the separate proceedings on its new certificate application, a decision which is not now before us.

Steere also argues that this case is not moot because the issues are "capable of repetition, yet evading review." *Southern Pacific Terminal Co. v. ICC*, 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911). While the issues may well be "capable of repetition,"[1] we do not see how they will evade review. The effects of an ICC order

removing restrictions from a certificate are not inherently transitory; to the contrary, the effects are of potentially infinite duration. *See* 49 U.S.C. § 10925(a) (a certificate "remains in effect" unless revoked, suspended, or amended by the ICC); *cf. Southern Pacific*, 219 U.S. at 514–15, 31 S.Ct. at 283 (ICC's order expired by its own terms within two years). Steere itself has a separate petition pending before this court in which it claims that the ICC applied its invalidated regulations in granting a removal restriction application. Moreover, the question whether AFS is actually "fit, willing, and able" to transport bulk commodities is subject to judicial review in the proceeding granting AFS a new certificate.[2]

Steere suggests "that the filing of duplicitous applications and the wholesale granting of duplicating authority is designed to thwart any effective opposition to any new operation." Were there any indication in the record before us that AFS's application for a new certificate was designed to defeat this court's jurisdiction, it would be cause for concern. AFS's application for the new certificate, however, was filed well before Steere's petition for review.[3] Moreover, that application appears to have had nothing but a legitimate business purpose—to obtain one certificate that grants AFS broad authority to transport general commodities and that replaces AFS's many restricted certificates.

All interested parties had an opportunity to protest and seek judicial review of AFS's application for the new certificate. We cannot review that separate proceeding in this case.

The motion to DISMISS is GRANTED.

1. Steere claims that the agency is continuing to grant both removal restriction and new certificate applications without a showing that the applicant is "fit, willing, and able," in disregard of our decision in *American Trucking*, 659 F.2d at 464, 472–73. The question of *American Trucking*'s application to the various proceedings of which Steere complains, however, is properly left to the time when those proceedings are reviewed by this court.

2. AFS's application for the new certificate was published in the Federal Register. The application was opposed by 21 motor carriers, although Steere did not join in that protest. Sev-

en of those protestants took an administrative appeal, which was unsuccessful. The submissions in this case do not reveal whether any of the protestants has sought review in the court of appeals.

3. Indeed, since the application for the new certificate was assigned Sub-No. 34 of ICC Docket No. MC–144678, and the application for removal of restrictions was assigned Sub-No. 35, it appears that AFS applied for the new certificate before it applied for the restriction removals at issue in this case.