**RITTER TRANSPORTATION, INC., Petitioner,**

v.

**INTERSTATE COMMERCE COMMIS- SION and United States of America, Respondents,**

**Port Norris Express Co., Inc., Intervenor.**

No. 81–2116.

United States Court of Appeals, District of Columbia Circuit.

Argued May 21, 1982.

Decided July 27, 1982.

Michael D. Bromley, Washington, D. C., with whom Chester A. Zyblut, Washington, D. C., was on brief, for petitioner.

Colleen J. Bombardier, Atty., I. C. C., Washington, D. C., with whom Robert S. Burk, Acting Gen. Counsel, and Henri F. Rush, Associate Gen. Counsel, I. C. C., Washington, D. C., were on the brief, for

respondents. John Broadley, Atty., I. C. C., Washington, D. C., also entered an appearance for respondent I. C. C.

Robert B. Nicholson and George Edelstein, Attys., Dept. of Justice, Washington, D. C., entered appearances for respondent U. S.

William P. Jackson, Jr., Arlington, Va., was on brief, for intervenor.

Before EDWARDS and GINSBURG, Circuit Judges, and JAMESON,* Senior District Judge, for the District of Montana.

Opinion for the Court filed by Senior District Judge JAMESON.

JAMESON, Senior District Judge:

Ritter Transportation Inc. seeks to review and set aside a decision of the Interstate Commerce Commission granting the application of Port Norris Express Co. Inc. to broaden the commodities authorized in its certificate of public convenience and necessity. A certificate issued in 1973 authorized Port Norris to transport "cullet in bulk" (broken glass) between points in 12 states and the District of Columbia. Following the enactment of the Motor Carrier Act of 1980, Pub.L. 96–296, 94 Stat. 793 (1980), the ICC, pursuant to the Act and rules and guidelines promulgated by the Commission, granted Port Norris' application to broaden its authority to "commodities in bulk". Ritter contends, *inter alia*, that the Commission arbitrarily failed to consider whether Port Norris is "fit, willing, and able" to transport "commodities in bulk". For the reasons set forth below we vacate the ICC's order granting Port Norris' application and remand to the Commission for further proceedings.

The Motor Carrier Act of 1980 requires the Commission to implement, by regulation, procedures to process removal of oper-

ating restrictions in order to . . . *reasonably broaden* the categories of property authorized by the carrier's certificate or permit. . . ." 49 U.S.C.A. § 10922(h)(1)(B)(i) (West.Supp.1981) (emphasis added). However, as noted by the Fifth Circuit Court of Appeals,

> In mandating the removal of unreasonable restrictions, the statute does not dispense with the [Act's] primary requirement that every carrier be "fit, willing and able to provide the transportation to be authorized by the certificate." [49 U.S.C.A. § 10922(a)(1)(A) (West Supp. 1981)].

*American Trucking Associations, Inc. v. I.C.C.,* 659 F.2d 452, 464 (5 Cir. 1981).

In *Steere Tank Lines, Inc. v. I.C.C.,* 666 F.2d 255 (5 Cir. 1982) ("*Steere I*"), the court reviewed an ICC decision involving the identical question here presented.[1] The court concluded:

> We believe that an applicant for removal of a restriction should be required to make a prima facie showing in its application that it is fit, willing and able to provide the transportation for which it is seeking authorization. We do not suggest that such a showing must be elaborate. What form that showing should take and how detailed it should be are, in the first instance, matters that should be addressed by the Interstate Commerce Commission.

*Id.* at 258. Because the applicant had made no such showing, the case was remanded for reconsideration in the light of *American Trucking Associations.*[2]

▮ We agree with the Fifth Circuit that the Motor Carrier Act of 1980 did not repeal *sub silentio* § 10922(a)(1)(A)'s requirement that an applicant be found "fit, willing, and able to provide the transportation for which it is seeking authorization."

---

* Sitting by designation pursuant to 28 U.S.C. § 294(d).

1. The Commission recognizes that the facts in *Steere I* "are substantially similar to the facts in this case," but argues that the Steere decision "imposes an unreasonable burden upon applicants for restriction removal."

2. The same question was raised in *Steere Tank Lines, Inc. v. I.C.C.,* 667 F.2d 490 (5 Cir. 1982) ("*Steere II*"). Again recognizing the necessity of finding an applicant "fit, willing, and able" to provide expanded service, the case was dismissed as moot after the ICC granted a new certificate in which the applicant was determined to be "fit, willing, and able" to provide

*Steere I, supra.* The term "reasonably broaden", as used in § 10922(h)(1)(B)(i), includes a consideration of whether the applicant is "fit, willing, and able."

■ The Commission properly noted that the scope of review is whether the agency action is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law ...," 5 U.S.C. § 706(2)(A). We recognize that under this standard the scope of review is a narrow one. The reviewing court "must consider whether the decision was based on a consideration of relevant factors and whether there has been a clear error of judgment." *Citizens to Preserve Overton Park v. Volpe,* 401 U.S. 402, 416, 91 S.Ct. 814, 823, 28 L.Ed.2d 136 (1971). "[A] finding that a decision is not 'arbitrary or capricious' clearly must rest upon a corollary finding that the relevant factors upon which the decision is assertedly based are supported by some evidence...." *Doe v. Hampton,* 566 F.2d 265, 271 n.15 (D.C.Cir.1977).

■ Although Port Norris' application detailed how expansion of its authority would conserve energy resources, improve efficiency, and increase both competition and revenues, nowhere does it indicate that Port Norris is "fit, willing, and able to provide the transportation authorized by the certificate." The ICC's decision to grant the application is likewise void of any consideration of these "relevant factors". Absent such a consideration, it cannot be said that the ICC "*reasonably* broadened" the categories of property authorized by the applicant's certificate. Its decision was arbitrary because the Commission failed to consider the relevant factor of whether the applicant was "fit, willing, and able" to perform the expanded service.

■ We agree also with the holding in *Steere I, supra,* that the showing that an

applicant is fit, willing, and able "need not be elaborate" and that the form and details of the showing "are, in the first instance matters that should be addressed to the Interstate Commerce Commission." Specifically, the time restraints of the Act contemplate the use of expedited procedures in restriction removal cases. *American Trucking Associations,* 659 F.2d 461.[3] The ICC retains broad discretion, within statutory limits, to define appropriate commodity categories. *Id.* at 464–65. Likewise, it has discretion in determining what facilities and equipment may be required.[4]

We vacate the order under review and remand to the Interstate Commerce Commission for further proceedings consistent with this opinion.

---

bulk service in separate proceedings on the new application.

**3.** The Commission correctly notes that "Congress did not intend to invoke the full panoply of APA formal hearing requirements" and that the APA does not "require full-fledged adversary-type hearings in restriction removal cases."

**4.** We agree with the Commission that an applicant should not "be compelled to buy all equipment necessary to transport every conceivable commodity encompassed by the expanded authority before the applicant even receives the authority it seeks."