We therefore affirm the decision of the Tax Court.

AFFIRMED.

PROVOST CARTAGE INC. and Coastal Tank Lines, Inc., Petitioners,

v.

INTERSTATE COMMERCE COMMISSION and United States of America, Respondents.

No. 81–4512
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 27, 1982.

---

William H. Shawn, Washington, D. C., for Provost Cartage Inc., et al.

Allan C. Zuckerman, Chicago, Ill., for Coastal Tank Lines.

Linda J. Joachim, I. C. C., Robert B. Nicholson, Dept. of Justice, Neil R. Ellis, Washington, D. C., for respondents.

Robert D. Schuler, Bloomfield Hills, for Norcros Industries Ltd.

Before CLARK, Chief Judge, RANDALL and JOHNSON, Circuit Judges.

PER CURIAM:

Petitioners appeal the grant of a certificate by the Interstate Commerce Commission authorizing Norcros Industries Ltd. to operate as a common carrier, by motor vehicle, in foreign commerce only, transporting commodities in bulk, between points in the United States in and east of North Dakota,

South Dakota, Nebraska, Colorado, Oklahoma, and Texas. Rejecting petitioners' contention that the decision was not supported by "substantial evidence," we affirm the decision.

On March 9, 1981, Norcros Industries Ltd., d/b/a The Bulk Carriers Co. (Norcros), filed an application with the Interstate Commerce Commission (the Commission) seeking a certificate authorizing it to provide transportation as a motor common carrier of "commodities in bulk, between points in the United States in and east of North Dakota, South Dakota, Nebraska, Colorado, Oklahoma, and Texas." [1] Norcros held numerous certificates authorizing the transportation of various specified commodities in bulk between points in Canada and points in all states in the continental United States. The certificates held by Norcros preponderantly authorized only one way transportation from North to South, and the authorization sought by Norcros was intended to round out its existing authority and allow it to provide a complete two way bulk transportation service in foreign commerce within the thirty-eight states east of the Rocky Mountains. Notice of the application was published in the Federal Register on March 30, 1981. 46 Fed.Reg. 19341 (1981). Five competing carriers (Protestants)—Provost Cartage, Inc., Coastal Tank Lines, Inc., Steere Tank Lines, Inc., Port Norris Express, Inc., and Liquid Cargo Lines, Ltd.[2]—filed opposition statements. Norcros responded to Protestants on May 28, 1981.

The Commission's Review Board 1, in a decision dated July 20, 1981, and served August 5, 1981, granted Norcros the entire authority it had sought. The Commission first noted Norcros' extensive operations under existing authority. It then pointed out that the application was supported by twenty-five public witnesses who testified to the movement of a wide variety of bulk freight within the scope of the application and to their support of the application for several reasons, but primarily on account of their desire to have available Norcros' proposed single-line United States-Canadian bulk freight service. After discussing the position of the Protestants, the Commission concluded that a public need had been shown for the operations sought to be authorized and that Norcros had established that it was fit, willing, and able to provide the proposed service. It further found that the Protestants had not established that authorization of the additional service would harm them in any manner inconsistent with the public convenience and necessity.

Provost Cartage, Inc., Coastal Tank Lines, Inc., and Steere Tank Lines, Inc., appealed the Review Board's decision. Norcros replied to those appeals on September 9, 1981. By decision dated October 13, 1981, and served October 16, 1981, the Commission, Division 1,[3] rejected the appeals and affirmed the Review Board decision.

On or about December 15, 1981, Provost, Coastal and Steere filed a petition for judicial review. Steere subsequently

---

**1.** Authority was sought under 49 U.S.C. § 10922(b)(1), which provides:

Except as provided in this section, the Interstate Commerce Commission shall issue a certificate to a person authorizing that person to provide transportation subject to the jurisdiction of the Commission under subchapter II of chapter 105 of this title as a motor common carrier of property if the Commission finds—

(A) that the person is fit, willing, and able to provide the transportation to be authorized by the certificate and to comply with this subtitle and regulations of the Commission; and

(B) on the basis of evidence presented by persons supporting the issuance of the certif-

icate, that the service proposed will serve a useful public purpose, responsive to a public demand or need;

unless the Commission finds, on the basis of evidence presented by persons objecting to the issuance of a certificate, that the transportation to be authorized by the certificate is inconsistent with the public convenience and necessity.

**2.** The Commission rejected the protest of Liquid Cargo Lines, Ltd. because it was late filed.

**3.** A division is a group of three Commissioners with delegated authority to act for the Commission and to issue administratively final decisions.

requested, and was granted, leave to withdraw its participation in this appeal. On appeal, Provost and Coastal (Petitioners) contend that the Commission decision was not supported by "substantial evidence." They argue that the evidence presented in support of the application was not sufficient to support the broad grant of authority, with respect to both the category of service authorized and the territory to be serviced. The sufficiency of the evidentiary basis of the Commission decision is governed by the "substantial evidence" test. *Alamo Express, Inc. v. Interstate Commerce Commission*, 673 F.2d 852, 856 (5th Cir. 1982); *Refrigerated Transport Co., Inc. v. Interstate Commerce Commission*, 616 F.2d 748, 751 (5th Cir. 1980). Substantial evidence is "such evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. National Labor Relations Board*, 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938).

■ Petitioners first focus on the grant of authority to transport "commodities in bulk."[4] They argue that this umbrella commodity description includes a vast array of freight with widely differing characteristics and that evidence of fitness to transport one commodity in bulk is not evidence of fitness to carry some other commodity in bulk. They point to our language in *American Trucking Association v. Interstate Commerce Commission*, 659 F.2d 452 (5th Cir. 1981), that the Commission may not "assume that an applicant fit, willing, and able to carry one commodity in an STCC[5] classification, is fit, willing, and able to carry all commodities in that classification." *Id.* at 472. While we remanded in *Steere Tank Lines, Inc. v. Interstate Commerce Commission*, 666 F.2d 255 (5th Cir. 1982), an autho-

rization to transport "commodities in bulk," where the record contained no evidence to support a conclusion that the carrier was fit, willing, and able to provide the transportation authorized by the certificate, there is substantial evidence in the record of this case to support the finding that Norcros is fit, willing and able to provide the transportation for which it sought authorization. Under numerous existing certificates, Norcros had authority and experience in transporting over 1,000 different bulk commodities. In fact, it had authority to transport "all commodities in bulk" between Canada and points in Michigan. In addition, Norcros demonstrated its ownership of necessary vehicles and facilities and its willingness to obtain additional vehicles and facilities as needed. In *American Trucking, supra,* we stated: "The carrier must be permitted . . . to seek some other commodity classification if it can show that use of the tripartite Commission standard would require the transportation of commodities unrelated to those previously authorized or would require the institution of a different type of service, and that the carrier is not fit or is unwilling or is unable to provide the service." *Id.* at 465. Here, Norcros has been authorized to provide general commodities service within the particular mode of transportation in which it specializes—bulk transportation—and has shown that it has the equipment and experience to perform the authorized service. *See Baggett Transportation Co. v. United States*, 666 F.2d 524 (11th Cir. 1982). Remand is therefore unnecessary.

■ Petitioners next contend that the Commission decision lacks factual support sufficient to justify the territorial scope of the grant. They argue that, while the application sought authority to transport com-

---

4. In *Steere Tank Lines, Inc. v. ICC*, 666 F.2d 255 (5th Cir. 1982), we noted the following ICC definitions:

     Bulk service is the transportation of fungible commodities which can be poured, scooped, or shoveled, and which generally are of such size that they cannot be handled piece by piece. The term "in bulk" commonly refers to a loose mass which is poured or

thrown into a vessel or vehicle without regard to order, and which is restrained during transportation only by the side of the carrying vessel.

5. The Standard Transportation Commodities Code (STCC) is a list of twenty-nine commodities classifications. See 45 Fed.Reg. 86,798, 86,807 (1980).

modities between 38 states, the supporting shippers identified, in support of the required showing of public necessity, origins and destinations in only 22 of the 38 states. While the 25 supporting shippers identified *specific* points of origin and destination in only 22 of the states, evidence of need was presented as to all of the 38 states. At least one of the supporting shippers, Dupont, Inc., indicated a need as to all of the states for which authority was sought. We believe that the extensive evidence of record amounted to a representative showing sufficient to support a finding by the Commission of the requisite public necessity in the relevant area. *See Miller Transporters, Inc. v. United States*, 594 F.2d 463 (5th Cir. 1979). *See also Refrigerated Transport Co., Inc. v. Interstate Commerce Commission*, 673 F.2d 1196, 1200 (11th Cir. 1982); *Alamo Express, Inc. v. Interstate Commerce Commission*, 673 F.2d 852, 861 (5th Cir. 1982).

■ Petitioners also contend that the grant of authority in this case permits service in foreign commerce beyond the United States-Canadian service as to which Norcros presented evidence. The authorization to be issued would permit Norcros to operate as a motor vehicle common carrier transporting commodities in bulk between points in the 38 states east of the Rocky Mountains, limited to commodities being shipped in foreign commerce. As we have explained above, we believe that the evidence presented was sufficient to support the decision of the Commission to grant that authority.

AFFIRMED.

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.