**RITTER TRANSPORTATION, INC., Petitioner,**

v.

**INTERSTATE COMMERCE COMMISSION and United States of America, Respondents,**

**Port Norris Express Co., Inc., Intervenor.**

**No. 82–1023.**

United States Court of Appeals, District of Columbia Circuit.

Argued Dec. 2, 1982.

Decided Jan. 14, 1983.

Certiorari Denied March 7, 1983. See 103 S.Ct. 1272.

Chester A. Zyblut, Washington, D.C., with whom Michael D. Bromley, Washington, D.C., was on the brief for petitioner.

Craig M. Keats, I.C.C., Washington, D.C., with whom John Broadley, Gen. Counsel, Henri F. Rush, Associate Gen. Counsel, I.C.C., Robert B. Nicholson and William J. Roberts, Dept. of Justice, Washington, D.C., were on the brief for respondents.

William P. Jackson, Jr. and David C. Reeves, Arlington, Va., were on the brief for intervenor.

Before GINSBURG and SCALIA, Circuit Judges, and GESELL,* United States District Judge for the District of Columbia.

Opinion PER CURIAM.

PER CURIAM:

Ritter Transportation, Inc. ("Ritter") seeks to set aside a decision of the Interstate Commerce Commission granting the application of Port Norris Express Co., Inc. ("Port Norris") to broaden the commodities its certificate of public convenience and necessity permits it to carry. A certificate served June 18, 1980, authorized Port Nor-

ris to transport *"(1) sand, gravel, clay, and stone,* and *(2) materials* used in the manufacture and distribution of glass, in bulk," within a specified territory. Appendix (App.) 3–4; 45 Fed.Reg. 53586 (1980). On July 2, 1981, Port Norris applied, pursuant to the Motor Carrier Act of 1980, Pub.L. 96–296, 94 Stat. 793 (1980), to broaden its authority to transport *"(1) sand, (2) clay, concrete, glass or stone products,* and *(3) commodities in bulk,"* within the same territory. App. 6. Notice of Port Norris' application was published in the Federal Register and Ritter submitted adverse comments. The ICC's Restriction Removal Board granted Port Norris' application on September 21, 1981, App. 39; Ritter's appeal to the Commission was denied on December 15, 1981. App. 84. Ritter then petitioned for review in this court as authorized by 28 U.S.C. § 2342(5).

Ritter contends that the ICC unlawfully failed to consider whether Port Norris is "fit, willing, and able" to carry all "commodities in bulk." For the reasons set forth in *Ritter Transportation, Inc. v. ICC,* 684 F.2d 86 (D.C.Cir.1982), *petition for cert. filed,* 51 U.S.L.W. 3448 (U.S. Oct. 4, 1982) (No. 82–594) *("Ritter I"),* we agree. Accordingly, we vacate the ICC's order granting Port Norris' application and remand to the Commission for further proceedings.

In *Ritter I,* we held that the ICC's restriction removal mandate under the Motor Carrier Act of 1980 to "reasonably broaden the categories of property authorized by the carrier's certificate," 49 U.S.C.A. § 10922(h)(1)(B)(i), entails consideration whether the applicant is "fit, willing, and able" to provide the additional transportation for which it seeks authorization. 684 F.2d at 87. In so holding, we aligned this Circuit with precedent initiated in the Fifth Circuit, most immediately, *Steere Tank Lines, Inc. v. ICC,* 666 F.2d 255 (5th Cir. 1982), *reh'g denied,* 671 F.2d 1380 (1982), *petition for cert. filed,* 51 U.S.L.W. 3013 (U.S. July 9, 1982) (No. 82–41) *("Steere I").* The parties in the case before us *("Ritter II")* are the same as in *Ritter I* and the issues raised are substantially the same.

---

* Sitting by designation pursuant to 28 U.S.C. § 292(a).

*Ritter I* involved another certificate held by Port Norris; the certificate's commodities' authorization was broadened from "cullet in bulk" (broken glass) to "commodities in bulk." Our remand in *Ritter I* required Port Norris to show its fitness to perform the expanded service. We emphasized, however, that the fitness showing need not be detailed and that the Commission should use expedited procedures in ruling on commodity broadening requests.

The ICC's decision to broaden Port Norris' certificate in *Ritter II* was reached before *Steere I* and *Ritter I* were decided, and, in accordance with Commission policy in effect at that time, was not predicated on a finding that Port Norris was "fit" to carry "all commodities." The ICC now contends that such a finding was implicit in its decision. The Commission attempts to distinguish *Ritter I* by pointing to the different scope of the certificate Port Norris initially held in that case. In *Ritter I* Port Norris started with authority limited to one commodity, "cullet in bulk." In *Ritter II* Port Norris' original certificate included all bulk materials used in glass manufacturing and distribution, as well as sand, gravel, clay, and stone.

We find the attempted distinction unpersuasive. Even if the ICC might reasonably have inferred that Port Norris was "fit" to carry all bulk commodities merely from the breadth of its prior authority to carry numerous itemized bulk commodities, there is no evidence in the record to suggest that the Commission ever considered or made such an inference.[1]

Ritter seeks further relief also sought, but not addressed by the panel, in *Ritter I*.[2] Ritter argues that the notice published in connection with Port Norris' application, 46 Fed.Reg. 37353 (1981), was deficient because it specified only the change in the commodities Port Norris sought authorization to carry, not the territory served. The ICC answers that existing regulations prescribe the scope of notice that is appropriate, and do not require a description of the affected territory when no change in that territory is sought. *See* 49 C.F.R. §§ 1137.-10(b)(6), .11.[3] The Commission points out that any person may check an applicant's filing with the ICC to ascertain what territories it involves. *See* 49 C.F.R. § 1137.11.

A territorial description in *all* Federal Register notices of restriction removal applications might indeed help members of the public determine when they are interested in an application, without imposing a significant burden on the ICC or carriers applying for restriction removal. However, the issue is not properly presented in the instant proceeding. The courts of appeals have jurisdiction to provide direct review of ICC regulations, 28 U.S.C. § 2342(5), but such review must be sought within sixty days after the regulations issue in final form. 28 U.S.C. § 2344. The regulation challenged here issued December 31, 1980, 45 Fed.Reg. 86757; Ritter's petition for review was filed in this court on January 7, 1982. Ritter's petition is therefore not a timely request for direct review of the ICC's notice regulation.

Nor is this an appropriate occasion for indirect review of the regulation on the

---

1. We note here, as we did in *Ritter I,* 684 F.2d at 87–88 n. 2, that the ICC has commenced to determine, in restriction removal cases, the applicant's fitness for expanded commodities service. *Steere Tank Lines, Inc. v. ICC,* 667 F.2d 490 (5th Cir.1982) *("Steere II").* We do not rule out Commission development of guidelines to facilitate these determinations. Prior operations of a described kind might well serve as a sufficient indicator of fitness for certain expansions.

2. In *Ritter I,* the issue was initially raised in court; here, the argument was first tendered to the Commission.

3. Ritter's counsel suggested at oral argument that the notice published in connection with Port Norris' application was exceptional in its failure to describe the territory affected, and stated that of the 48 other removal restriction applications published in the Federal Register with Port Norris', 46 included a description of territories. Brief for Petitioner at 45. The ICC's counsel answered that the notice of Port Norris' application was in the regular form for applications of its type; the applications that included territorial descriptions involved requested changes in the territories served.

ground that Ritter was aggrieved by inadequate notice attending the ICC's December 15, 1981, final approval of Port Norris' restriction removal application. Ritter concedes that it had actual, timely knowledge of the territory in which Port Norris had authority to operate. Carriers seeking more informative Federal Register notice, however, are not left without a means to air their complaint. They may petition the ICC for rulemaking to amend 49 C.F.R. § 1137.11, the notice regulation. 5 U.S.C. § 553(e). If the ICC rejects such a petition, judicial review of that final order would be appropriate. *WWHT, Inc. v. Federal Communications Commission,* 656 F.2d 807 (D.C. Cir.1981).

The order under review is vacated and this matter is remanded to the Interstate Commerce Commission for further proceedings consistent with this opinion.