No. 82–41. INTERSTATE COMMERCE COMMISSION *v.* STEERE TANK LINES, INC., ET AL. C. A. 5th Cir. Certiorari denied.

JUSTICE WHITE, with whom JUSTICE POWELL and JUSTICE REHNQUIST join, dissenting.

The Motor Carrier Act of 1980, 49 U. S. C. § 10101 *et seq.* (1976 ed., Supp. V), authorizes the Interstate Commerce Commission to lift restrictions on motor carriers' existing authority where the removal would, among other things, "rea-

sonably broaden the categories of property authorized by the carriers' certificate or permit." § 10922(h)(1)(B)(i). Pursuant to the statute, the Commission issued guidelines for processing restriction-removal applications. The guidelines invite carriers authorized to haul "one or more named commodities" to apply for a broader authorization, such as authority to transport "commodities in bulk." 49 CFR § 1137.21(b) (1981).

In this case, Maxwell Co. applied to the Commission to broaden the commodity description in one of its existing certificates from "spent silica gel catalyst, in bulk" to "commodities in bulk." After considering submissions from Maxwell, and comments filed by two carriers objecting to the proposed broadening, the Commission's Restriction Removal Board concluded that the application should be granted. The Board found that the proposed broadening "will reduce the consumption of energy resources, will offer potential cost savings and improved efficiency, will enable applicant to provide full service to a broader range of shippers and in rural communities, and will be consistent with the [transportation policies of the Act]." The Commission denied internal appeal.

Steere Tank Lines, one of the objecting carriers, then challenged the Commission's action in the Court of Appeals for the Fifth Circuit, arguing that the Commission's guidelines were not valid under the Act. Relying on its earlier decision in *American Trucking Assns., Inc.* v. *ICC*, 659 F. 2d 452 (1981), cert. denied, *ante*, p. 1022, the court held that the Commission's action was improper. 666 F. 2d 255 (1982). The Fifth Circuit maintained that the Commission's guidelines fail to account for the Motor Carrier Act's mandate that every carrier be "fit, willing, and able . . . to provide the transportation to be authorized by the certificate." 49 U. S. C. § 10922(a)(1) (1976 ed., Supp. V). Accordingly, the court remanded the decision in this case to the Commission for further proceedings.

The Commission now petitions for a writ of certiorari, claiming that the Court of Appeals has engrafted a requirement on restriction-removal proceedings not required or contemplated by Congress and that will impede the Commission's ability to implement the policies of the Motor Carrier Act of 1980. In ruling upon such restriction-removal applications, the Commission is directed by the Act to consider "the impact of the proposed restriction removal upon the consumption of energy resources, potential cost savings and improved efficiency, and the transportation policy set forth in [the Act]" and to "give special consideration to providing and maintaining service to small and rural communities and small shippers." 49 U. S. C. § 10922(h)(2) (1976 ed., Supp. V). The Act does not apply the "fit, willing, and able" requirement to applications for removal of service restrictions; this requirement is expressly applicable only to carriers seeking a new certificate. § 10922(b)(1)(A). In the Commission's view, the result of the Court of Appeals' decision is to render the restriction-removal process the equivalent of an application for new authority, frustrating Congress' intent that restriction-removal applications be processed in a more simplified and expeditious manner.

I would grant certiorari in this case. Although another Circuit that has considered this issue has reached the same result, see *Ritter Transportation, Inc.* v. *ICC*, 221 U. S. App. D. C. 312, 684 F. 2d 86 (1982), cert. denied, *ante*, p. 1022, there is considerable force to the Commission's argument that these decisions frustrate the will of Congress. Nor do I agree with respondents that it is too early to determine whether the Courts of Appeals' decisions will substantially impair national transportation goals. The Commission itself is in the best position to speak to this matter. The Commission reports that its Restriction Removal Board, which regularly processed applications for expanded authority, has been closed down due to a lack of applications being filed. The Commission believes this is at least partially attributable to

the "potential applicant's perception that it is now easier to obtain a *new* certificate under Section 10922(b) than it is to obtain the expansion of an *existing* certificate in a restriction removal proceeding." Reply Brief for Petitioner in *ICC* v. *Ritter Transportation, Inc.*, O. T. 1982, No. 82–594, p. 2. It seems to me that the Courts of Appeals have sidetracked an entire regulatory program of the Commission and that plenary consideration is warranted at this time so that there may be an early judgment as to whether the Courts of Appeals have correctly read the statute.*

---

*If certiorari were granted, I would hold the petitions filed by the Commission in *ICC* v. *Ritter Transportation, Inc.*, No. 82–594, and *ICC* v. *American Trucking Assns., Inc.*, No. 82–86, pending consideration of this case.