Celebrezze, Senior Circuit Judge, dissented and filed opinion.

**NOBLE GRAHAM TRANSPORT, INC.;**
**American Trucking Associations,**
**Inc., Petitioners,**

v.

**INTERSTATE COMMERCE COMMIS-**
**SION and United States of**
**America, Respondents.**

No. 84–3381.

United States Court of Appeals,
Sixth Circuit.

Argued April 29, 1985.

Decided June 25, 1985.

Nelson J. Cooney, Kenneth E. Siegel (argued), Alexandria, Va., Michael S. Varda, DeWitt, Sundby, Huggett, Schumacher & Morgan, S.C., Madison, Wis., for petitioners.

Richard A. Allen, Richard J. Osterman, Jr. (argued), Office of Gen. Counsel, I.C.C., Washington, D.C., Robert B. Nicholson, John P. Fonte, Antitrust Div., Dept. of Justice, Washington, D.C., for respondents.

David E. Jerome, Northville, Mich., for intervenor-respondent.

Before LIVELY, Chief Judge, JONES, Circuit Judge, and CELEBREZZE, Senior Circuit Judge.

PER CURIAM.

This is a petition by Noble Graham Transport, Inc. and American Trucking As-

sociations, Inc. (ATA) to review a final order of the Interstate Commerce Commission granting a permit for contract carrier service to Rumm Associates, Inc. The application of Rumm Associates, Inc. was supported by Rumm Transportation, Inc., a licensed broker and a wholly-owned subsidiary of the applicant. In protesting the application Noble Graham Transport, Inc. contended that Rumm Transportation Inc., the supporting broker, did not meet the criteria to be a supporting shipper as set forth in *Dixie Midwest Express, Inc., Ext.-Gen. Commod.,* 132 M.C.C. 794 (1982). Proceedings were reopened by the Review Board in order to obtain additional evidence on this issue.

After considering the entire record the Review Board concluded that the supporting broker has "working control" over the involved traffic as required by *Dixie Midwest* to qualify as a supporting shipper. Noble Graham and ATA appealed the Review Board's decision to the Commission and the Commission upheld the finding that Rumm Transportation, Inc. qualifies as a supporting shipper. Noble Graham and ATA also contended that the close familial relationship between Rumm Transportation, Inc. and Rumm Associates, Inc., control of both corporations being in a single family, disqualified Rumm Transportation, Inc. as a supporting shipper. The Review Board considered the evidence and concluded that the companies are separate corporations and that the broker was routing shipments through a number of carriers and there was no reason to deny the application on the assertion that the parties might at some future date abuse their close relationship. The Review Board found that Rumm Transportation, Inc. exercises independent and unrestrained judgment in its selection of carriers and for these and other reasons concluded that a grant of authority was warranted. On appeal the Commission agreed with this conclusion as well.

The arguments on behalf of Noble Graham and ATA in this court paralleled those made before the Review Board and the Commission. Our standard of review of an agency decision permits us to set aside such a decision only if it is "arbitrary, capricious, ... [or] unsupported by substantial evidence." 5 U.S.C. § 706 (1982). We have examined the record and considered the arguments on appeal, but are unable to conclude that the decision of the Commission in this case is arbitrary or capricious, and further conclude that it is supported by substantial evidence. We believe that the applicant did establish the prerequisite "working control over the freight" to qualify as a supporting shipper and we believe it is manifest from examining the record and the decision that the Commission did consider the fact of the close affiliation between the applicant and the supporting broker. Finally, we conclude that the decision is in accord with national transportation policy as expressed by Congress in the Motor Carrier Act of 1980, particularly as that Act emphasizes the promotion of competitive and efficient transportation.

Accordingly, the petition for review is denied and the decision of the Commission is affirmed.

CELEBREZZE, Senior Circuit Judge, dissenting.

During the pendency of this case before this Court, Rumm Associates, Inc. (Rumm) was granted a new, broader permit by the Interstate Commerce Commission. As a result, Rumm is now performing its services as a contract carrier under the new permit. I believe that the issuance of this broader permit renders the petition before this Court moot. *See Steere Tank Lines, Inc. v. ICC,* 667 F.2d 490 (5th Cir.1982) (ICC's granting of broader permit rendered moot challenge to old permit).

In order to have a justiciable controversy under Article III, a court must be able to affect the legal relations of the parties before it. *E.g., North Carolina v. Rice,* 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971) (per curiam); *Aetna Life Insurance Co. v. Haworth,* 300 U.S. 227, 241, 57 S.Ct. 461, 464, 81 L.Ed. 617 (1937). The decision of the majority af-

firming the position of the ICC has no impact upon any of the parties before this. Court. Petitioners Noble Graham Transport, Inc. and American Trucking Associations, Inc. are currently being injured, if at all, by Rumm's activities under the new permit. Similarly, the ICC has no interest which will be vindicated by affirming the original permit. Therefore, since neither of the parties will be affected by the majority's decision, I believe that this case is moot.

Accordingly, I respectfully dissent.